Hon. Robert J. Timlin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In Re: )
)
Attorney Disciplinary Action of Greg ) Case Number 2:07-MC-00027-RJT
Cavagnaro and Jonathan Smith )
) FIRST AMENDED COMPLAINT
)
)
)
)

Pursuant to GR 2(e)-(f), Special Disciplinary Counsel of the United States District Court for the Western District of Washington (the "Court") hereby alleges that the above named lawyers have committed acts of misconduct under the Standards of Professional Conduct set forth in GR 2(e). Special Disciplinary Counsel alleges and avers for its First Amended Complaint as follows:

### I. PARTIES

1. Attorney Gregory Philip Cavagnaro ("Cavagnaro") is admitted to practice before this Court and the Courts of the State of Washington.

FIRST AMENDED COMPLAINT - 1
2:07-MC-00027-RJT



Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

2.  Attorney Jonathan S. Smith ("Smith") is admitted to practice before this Court and the Courts of the State of Washington.

3.  During all relevant times, Smith and Cavagnaro shared space in an office suite in Bellevue, Washington. They were members of an LLC whose purpose was administration of this office space.

4.  During all relevant times, Cavagnaro employed Jean Chapman ("Chapman") as his legal assistant. Chapman formerly was employed as a legal assistant to Smith. Chapman is not an attorney.

## II.  JURISDICTION

5.  This Court has jurisdiction pursuant to GR 2(f)(1).

## III.  THE GRIEVANCE

6.  Pursuant to GR 2(f)(5)(C), Judge Karen Overstreet referred this matter to the Committee on Discipline (the "Committee") through a letter to the Clerk of Court. The grievance arose out of In Re Yncera, United States Bankruptcy Court, Western District of Washington, Cause No. 05-15818, a Chapter 13 bankruptcy action filed by Cavagnaro on behalf of Bruce and Lori Yncera, husband and wife (the "Ynceras").

7.  The Clerk served a copy of the grievance on Cavagnaro and Smith,

8.  Pursuant to GR 2(f)(5)(C), the Committee duly conducted an investigation of the charges against Cavagnaro and Smith. Its investigation included: (1) review of documents provided to Judge Overstreet by the Ynceras; (2) review of documents submitted by Cavagnaro and Smith to Judge Overstreet; (3) review of a recording of an August 2, 2006 hearing before Judge Overstreet; (4) review of documents filed in In Re Yncera; (5) a telephone interview of

FIRST AMENDED COMPLAINT - 2
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

Lori and Bruce Yncera; (6) in person interviews of Chapman, Smith, Cavagnaro, and Don Bailey; and (7) review of additional materials submitted by the witnesses.

9. The interviews of the Ynceras, Smith and Cavagnaro were under oath.

10. Upon completion of its investigation, the Committee prepared and submitted a written report to the Chief Judge of this Court pursuant to GR 2(f)(5)(C)(ii)-(vi).

11. The Committee determined that Cavagnaro's and Smith's actions warranted discipline, and that the Court should appoint Special Disciplinary counsel to prepare a Complaint and pursue this action.

12. The Court appointed James A. Smith, Jr. of Smith & Hennessey, PLLC and Gayle E. Bush of Bush, Strout & Kornfeld as Special Disciplinary Counsel.

13. Pursuant to GR 2(f)(5)(D)(iv), Special Disciplinary Counsel conducted an independent review of the evidence gathered by the Committee and other available information.

14. Based upon the foregoing, Special Disciplinary Counsel alleges that Cavagnaro and Smith have committed misconduct warranting discipline. Specifically, Cavagnaro and Smith violated Washington Rule of Professional Conduct ("RPC") 3.3 regarding candor to the tribunal. Cavagnaro also violated RPC 5.3, concerning supervision of non-attorney Chapman. Smith violated RPC 1.7 and 1.8, governing conflicts of interest. The Washington State Supreme Court recently adopted changes to the RPC. These changes became effective on September 1, 2006. Therefore, any of the misconduct alleged herein which occurred prior to September 1, 2006 is governed by the former version of the RPC, and any misconduct which occurred on September 1, 2006 or later is governed by the current version of the RPC. The facts upon which these claims are based are as follows.

First Amended Complaint - 3
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

## IV. FACTS

15. On May 3, 2005, the Ynceras met with Cavagnaro and his legal assistant, Chapman, at Cavagnaro's law office in Bellevue. The Ynceras retained Cavagnaro to file a Chapter 13 bankruptcy petition (the "Petition") on their behalf. The Ynceras previously had filed a Chapter 7 case and three Chapter 13 cases.

16. The Ynceras wanted to file the Petition immediately to prevent the repossession of their vehicles. To speed the process, the Ynceras, Cavagnaro, and Chapman used one of the Ynceras' prior Chapter 13 bankruptcy petitions, with statements and schedules, revising them in pen during their visit, as the basis for the bankruptcy filing.

17. The Ynceras apparently were unwilling or unable to wait for Chapman and Cavagnaro to produce clean copies of the Petition for their signature. They therefore signed the copies that had been revised in pen. Chapman then prepared a clean version of the revised Chapter 13 Petition, schedules, and statements, and "conformed" these documents to show the signatures of Cavagnaro and the Ynceras. The pleadings subsequently were filed electronically with the Bankruptcy Court on May 3, 2005.

18. At the time they filed the Petition, The Ynceras owned a residence in which they lived at 5828 - 220th Place SE, Issaquah, Washington. The residence represented a significant asset of the Ynceras. Virginia Duttenhefner, Lori Yncera's mother, held a 50 percent interest in the home. In the Petition, Duttenhefner was listed as a co-obligor on the mortgage for the home, but her ownership interest was not disclosed.

19. On July 23, 2004, the Ynceras' neighbors, Lisa and Arvid Kalnoski, filed a Quiet Title/Adverse Possession action against the Ynceras and Duttenhefner in King County Superior

FIRST AMENDED COMPLAINT - 4
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

Court, Cause No. 04-2-18381-2 (the "adverse possession" action). The adverse possession action remained pending at the time of the filing of the Petition.

20. Plaintiffs in the adverse possession action were represented by Stuart Carson, who at that time was with the firm of O'Brien & Associates.

21. The adverse possession action was disclosed in the Ynceras' most recent prior Chapter 13 petition, the schedules and statements for which the Ynceras, Cavagnaro and Chapman used as the basis for the May 3, 2005 Petition.

22. However, on information and belief, when Cavagnaro met with the Ynceras on May 3, 2005, Lori Yncera falsely represented that the adverse possession suit had been resolved and should not be disclosed in the Chapter 13 Petition. She specifically requested that Cavagnaro not notify Carson of the Chapter 13 Petition.

23. Cavagnaro removed O'Brien & Associates from the list of creditors (Schedule F) and the mailing matrix of the May 3, 2005 Petition. However, he did not remove the adverse possession lawsuit from the Statement of Financial Affairs. Thus, while the adverse possession lawsuit technically was disclosed in the Petition, the removal of the O'Brien firm from the mailing matrix had the effect of precluding the mailing of notices from the bankruptcy to plaintiffs' counsel in the adverse possession lawsuit.

24. At all times relevant hereto, if Cavagnaro had obtained a title report for the Ynceras home, he would have learned of Duttenhefner's ownership interest in the property. At all times relevant hereto, if Cavagnaro had searched available electronic court databases, he would have learned of the pending adverse possession lawsuit.

FIRST AMENDED COMPLAINT - 5
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

25. On May 3, 2005, Cavagnaro filed a "Chapter 13 Plan" with the Petition. The Plan provided that the secured lender on the Ynceras' home, Select Portfolio Servicing (apparently servicing the loan for lender American Residential Equities XXXXI "American") would be paid directly by the Ynceras, rather than through the Plan.

26. On August 3, 2005, the Chapter 13 Trustee, K. Michael Fitzgerald, filed an "Objection to Confirmation of Plan and Motion to Dismiss Case with 180 Day Bar to Filing" (the "Objection"). In the Objection, the Trustee alleged that the Ynceras already were behind by $2,363.00 and that another $1,827.00 would come due on their Plan payments prior to the hearing on his Motion, which was set for October 6, 2005.

27. On September 16, 2005, Cavagnaro filed "Debtors' Response to Objection to Confirmation and Motion to Dismiss of Chapter 13 Trustee." The Response stated that the Ynceras had cured their post filing Plan payment delinquencies.

28. The Trustee continued his Objection to confirmation and motion to dismiss several times, and withdrew it on December 1, 2005.

29. Also on December 1, 2005, American filed a motion for relief from stay so that it could foreclose its deed of trust on the Ynceras' home. According to American's motion, the Ynceras had failed to make three post-Petition mortgage payments. The motion was set for hearing on January 4, 2006. The Trustee re-filed his Objection, setting it for hearing on January 4, 2006, as well.

30. On information and belief, the Ynceras could not make their Plan payments and their mortgage payments. On information and belief, the Ynceras brought their Plan payments current in response to the Trustee's Objection, but had to stop paying their mortgage to do so.

FIRST AMENDED COMPLAINT - 6
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

31. On information and belief, because the Ynceras could not make both their Plan payments and their mortgage payments, and on Cavagnaro's advice, they decided to sell their home.

32. On December 23, 2005, Cavagnaro filed "Debtor's Response to Motion for Relief from Stay of American," stating that the Ynceras had decided to sell their residence.

33. Also on December 23, 2005, Cavagnaro filed "Debtor's Ex Parte Application to Employ Realtor, *Nunc Pro Tunc*" to sell the Ynceras' home.

34. The realtor to be employed was attorney Jonathan Smith, who at the time of the application had an office in a suite also occupied by Cavagnaro and Chapman. Cavagnaro and Smith were members of an LLC whose sole purpose was to share rent and other incidental expenses incurred in connection with renting and operating the suite. The connection between Smith and Cavagnaro was not reflected in the application.

35. Cavagnaro further filed on December 23, 2005 a "Realtor's Statement of No Adverse Interest under Bankruptcy Rule 2014" signed by Smith. Smith's and Cavagnaro's joint membership in the LLC was not mentioned. Attached to the Statement was what appeared to be a copy of an Exclusive Sale and Listing Agreement in favor of real estate company John L. Scott dated December 22, 2005 and signed by the Ynceras.

36. On December 27, 2005, the Court granted the Ynceras' application to retain Smith as their realtor.

37. On January 2, 2006, Cavagnaro filed "Debtors' Motion to Confirm Amended Chapter 13 Plan dated 12/05/05." Attached to the motion was a copy of an amended plan dated December 5, 2005 showing signatures by the Ynceras and calling for the surrender of one of the

First Amended Complaint - 7
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

debtors' vehicles and the sale of the Ynceras' home. The Court entered an order confirming this Plan on January 24, 2006.

38.  Shortly after his appointment as the Ynceras' real estate agent, Smith obtained a title report for the Ynceras' home and learned that Duttenhefner had a 50 percent ownership interest in it.

39.  Soon after he received the title report, Smith informed Cavagnaro and Chapman of Duttenhefner's ownership interest in the Ynceras' home.

40.  Cavagnaro did not disclose Duttenhefner's ownership interest in the Ynceras' home to the Court or the creditors until July 26, 2006, several months after he learned of that interest.

41.  On information and belief, sometime between December 2005 and March 2006, Cavagnaro and Chapman learned that the adverse possession lawsuit had not been resolved at the time they filed the Ynceras' Petition, as previously represented by Lori Yncera. In fact, the adverse possession lawsuit had continued in the Superior Court despite the Ynceras' filing of the Chapter 13 Petition.

42.  On information and belief, the Ynceras informed Cavagnaro sometime between December 2005 and March 2006 that they had settled the adverse possession lawsuit by agreeing to deed a part of their residence property to plaintiffs. King County records reflect that part of the adverse possession lawsuit was settled by the parties and an agreed judgment entered on February 7, 2006. King County records further reflect that the Ynceras and Duttenhefner executed a Quit Claim Deed in the plaintiffs' favor on March 27, 2006.

First Amended Complaint - 8
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

43.     Cavagnaro never informed the Court or the creditors that the adverse possession lawsuit remained active during the pendency of the bankruptcy proceeding, or that Ynceras had deeded a portion of their property to plaintiffs in the adverse possession lawsuit. Cavagnaro never disclosed to the Court or the creditors, and never obtained the Court's approval for, the Ynceras' payments to their attorneys in the adverse possession lawsuit.

44.     On information and belief, Smith knew between January and March 2006 that the Ynceras had settled the adverse possession lawsuit by deeding a portion of their property to the plaintiffs. Smith further believed that the Ynceras received substantial consideration in the settlement.

45.     By June 2006, the Ynceras again had fallen behind on their Plan payments. On June 7, 2006, the Trustee filed "Trustee's Motion to Dismiss Plan" stating that the Ynceras were delinquent in the amount of $1,880.00.

46.     On July 17, 2006, Cavagnaro filed "Debtors' Motion to Sell Real Property." Attached to the Motion was a copy of a Residential Real Estate Purchase and Sale agreement showing a closing date of August 4, 2006. The attached settlement statement, signed by the Ynceras and Duttenhefner, was the first indication in the bankruptcy court pleadings that Duttenhefner had an interest in the Ynceras' home.

47.     On July 26, 2006, Now Impressions, Inc. ("NII"), a creditor of the Ynceras, filed its "Objection to Motion to Sell Real Property." NII's Objection was based primarily upon the previously undisclosed interest of Duttenhefner in the real property, the timing of the disclosure, and whether there were any defenses to her interest. NII also objected that the proposed payment

First Amended Complaint - 9
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

to the holder of the deed of trust was $65,000.00 higher than the amount stated in the Ynceras' bankruptcy schedules.

48. NII requested that the Court allow the sale, but hold any proceeds from the sale in escrow pending further order of the Court, and convert the case to Chapter 7.

49. Also on July 26, 2006, Cavagnaro filed an Amendment Cover Sheet which for the first time showed that the Ynceras' had only a 50 percent interest in their residence. Cavagnaro further amended the schedules to indicate the deed of trust holder's secured claim of $385,525.00 and real estate taxes in the amount of $9,000.00.

50. On July 31, 2006, Cavagnaro filed "Debtors' Reply to [NII's] Objection to Their Motion to Sell Residential Real Property." Cavagnaro argued against impounding the proceeds of the sale. He also admitted that he learned of Duttenhefner's interest in the property when Smith obtained the preliminary title report, but did not state the date on which he learned of the interest.

51. Cavagnaro had planned a vacation starting on August 1, 2006. On information and belief, given NII's Objection to the sale, he asked the Ynceras to move the hearing on the motion to sell their residence, which was set for August 2, 2006, to August 16, 2006. On information and belief, the Ynceras refused to continue the hearing because they feared the buyers would not wait any longer to close the sale.

52. Cavagnaro therefore arranged for another attorney to cover the August 2, 2006 hearing on the motion. After Cavagnaro had departed for his vacation on August 1, 2006, the other attorney contacted Chapman, Cavagnaro's legal assistant, and advised her that he could not

First Amended Complaint - 10
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

cover the hearing. On information and belief, by this time, Cavagnaro was in Montana, did not have mobile phone coverage, and could not be contacted.

53. On information and belief, on the evening of August 1, 2006, Chapman and Lori Yncera discussed Smith representing the Ynceras at the hearing as their attorney. By her own admission, Chapman told Yncera that there would be no conflict of interest presented by Smith's representation of the Ynceras as their counsel and their realtor at the hearing.

54. During the evening of August 1, 2006, Chapman conducted extensive negotiations with Don Bailey, counsel for NII, in an attempt to resolve NII's Objection. They were unable to reach an agreement.

55. Chapman drafted six different orders on the sale motion, trying to anticipate any possible outcome. She provided these to Smith on the morning of August 2, 2006 before he went to the hearing before Judge Overstreet.

56. Smith attended the August 2, 2006 hearing. He did not identify himself on the record as counsel for the Ynceras, but simply began arguing on behalf of the Ynceras for the sale motion. He made no disclaimer limiting his role at the hearing, though the Court evidently was aware that he was acting as the Ynceras' real estate agent in the sale and would receive a commission.

57. At the conclusion of argument, Judge Overstreet ruled from the bench in NII's favor, indicating that she would allow the sale only if substantially all of the proceeds were impounded so that the factual issues raised by NII could be dealt with in an organized manner at a hearing on August 16, 2006.

First Amended Complaint - 11
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

58. On information and belief, after hearing Judge Overstreet's ruling, Bailey and Smith conducted settlement negotiations outside the courtroom. Bailey proposed that the net proceeds of approximately $25,000.00 be split between the Trustee and Duttenhefner.

59. On information and belief, Smith called Lori Yncera and conveyed NII's offer. On information and belief, after discussing the offer with Bruce Yncera and Duttenhefner, Lori Yncera called Smith back and approved the compromise.

60. Bailey and Smith edited in pen one of the forms of order prepared by Chapman, signed it, and delivered it to Judge Overstreet for approval. Smith signed the order as counsel for the Ynceras.

61. Judge Overstreet approved the Order, which provided for payments from escrow of real estate excise taxes, real estate broker's commissions and all liens on title. After these payments, the net proceeds of the sale—approximately $25,000.00—were to be paid out in equal amounts to Duttenhefner and the Trustee.

62. The sale of the property closed after the hearing. Smith received a commission payment of $13,500.00. He later transferred $1,500.00 of this commission payment to the Ynceras at their request. This $1,500.00, which Smith characterized as a "gift," was never disclosed to the Court or the creditors.

63. The Ynceras subsequently sent several written communications to Judge Overstreet expressing their dissatisfaction with the representation of Cavagnaro and Smith. Judge Overstreet examined these communications, and requested responses from Cavagnaro and Smith.

First Amended Complaint - 12
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

64. Judge Overstreet determined that the issues raised should be analyzed by the Committee, and referred this matter under GR 2(f)(5)(C).

### III. VIOLATIONS OF PROFESSIONAL STANDARDS OF CONDUCT

**First Alleged Violation—RPC 3.3 CANDOR TOWARD THE TRIBUNAL**
(Against Gregory P. Cavagnaro and Jonathan S. Smith)

65. Former RPC 3.3, which was in force until September 1, 2006, stated, in relevant part:

**(a)** A lawyer shall not knowingly:

(1) Make a false statement of material fact or law to a tribunal;

(2) Fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client unless such disclosure is prohibited by rule 1.6; ...

(4) Offer evidence that the lawyer knows to be false.

**(b)** The duties stated in section (a) continue to the conclusion of the proceeding.

**(c)** If the lawyer has offered material evidence and comes to know of its falsity, the lawyer shall promptly disclose this fact to the tribunal unless such disclosure is prohibited by rule 1.6.

**(d)** If the lawyer has offered material evidence and comes to know of its falsity, and disclosure of this fact is prohibited by rule 1.6, the lawyer shall promptly make reasonable efforts to convince the client to consent to disclosure. If the client refuses to consent to disclosure, the lawyer may seek to withdraw from the representation in accordance with rule 1.15.

**(e)** A lawyer may refuse to offer evidence that the lawyer reasonably believes is false. ...

RPC 3.3 (pre-September 1, 2006 text).

66. Pursuant to GR 2(e), Cavagnaro and Smith had a duty to comply with RPC 3.3.

67. Cavagnaro violated RPC 3.3 by, among other actions and omissions:

FIRST AMENDED COMPLAINT - 13
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

(a) Failing to disclose to the Court and the creditors Virginia Duttenhefner's 50 percent interest in the Ynceras' home, immediately upon learning this fact;

(b) Failing to disclose to the Court and the creditors the pendency and status of the adverse possession lawsuit, the Ynceras' payments to their attorneys in that suit, and the settlement of that suit, which involved the deeding of part of the Ynceras' property, immediately upon learning these facts; and

(c) Failing to withdraw from representing the Ynceras when they allegedly refused to authorize him to disclose material facts, including those alleged in paragraph (b) above.

68. Smith violated RPC 3.3 by, among other acts and omissions, failing to inform the Court while acting as the Ynceras' attorney at the August 2, 2006 hearing that the Ynceras had settled the adverse possession lawsuit by deeding a portion of their property to the plaintiffs, and that he believed that the Ynceras had received substantial consideration for this settlement.

69. To the extent that any of Cavagnaro's and Smith's misconduct violative of RPC 3.3 continued after September 1, 2006, that conduct also violated the current version of RPC 3.3, which became effective on September 1, 2006.

### Second Alleged Violation—RPC 5.3 RESPONSIBILITIES REGARDING NONLAWYER ASSISTANTS
(Against Gregory P. Cavagnaro)

70. Former Washington RPC 5.3, which was in effect until September 1, 2006, stated, in relevant part:

> With respect to a nonlawyer employed or retained by or associated with a lawyer:

First Amended Complaint - 14
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

  **(a)** A partner in a law firm shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that the person's conduct is compatible with the professional obligations of the lawyer;

  **(b)** A lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer; and

  **(c)** A lawyer shall be responsible for conduct of such a person that would be a violation of the Rules of Professional Conduct if engaged in by a lawyer if:

  (1) The lawyer orders or, with the knowledge of the specific conduct, ratifies the conduct involved; or

  (2) The lawyer is a partner in the law firm in which the person is employed, or has direct supervisory authority over the person, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.

RPC 5.3 (pre-September 1, 2006 text).

71. Pursuant to GR 2(e), Cavagnaro had a duty to comply with RPC 5.3.

72. Cavagnaro specifically had a duty under RPC 5.3 to supervise Chapman and "ensure that [her] conduct [was] compatible with the professional obligations of" Cavagnaro.

73. In Cavagnaro's absence, Chapman undertook activities and made decisions on Cavagnaro's behalf which exceeded the proper boundaries of her position as a legal assistant, and which should have been performed by an attorney.

74. Further, on information and belief, Chapman advised the Ynceras incorrectly that there would be no conflict of interest in Smith representing them as their counsel at the August 2, 2006 hearing.

75. Cavagnaro violated RPC 5.3 by failing to supervise Chapman adequately, and by allowing her to give incorrect legal advice to the Ynceras.

First Amended Complaint - 15
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

76. To the extent that any of Cavagnaro's conduct violative of RPC 5.3 continued after September 1, 2006, that conduct also violated the current version of RPC 5.3, which became effective on September 1, 2006.

**Third Alleged Violation—RPC 1.7 CONFLICT OF INTEREST; GENERAL RULE and 1.8 CONFLICT OF INTEREST; PROHIBITED TRANSACTIONS; CURRENT CLIENT**
(Against Jonathan S. Smith)

77. Former Washington RPC 1.7, which was in effect until September 1, 2006, stated, in relevant part:

> **(b)** A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
>
> (1) The lawyer reasonably believes the representation will not be adversely affected; and
>
> (2) The client consents in writing after consultation and a full disclosure of the material facts ... .

RPC 1.7 (pre-September 1, 2006 text).

78. Former Washington RPC 1.8, which was in effect until September 1, 2006, stated, in relevant part:

> A lawyer who is representing a client in a matter:
>
> (a) Shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:
>
> (1) The transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner which can be reasonably understood by the client;
>
> (2) The client is given a reasonable opportunity to seek the advice of independent legal counsel in the transaction; and
>
> (3) The client consents thereto.

FIRST AMENDED COMPLAINT - 16
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

RPC 1.8 (pre-September 1, 2006 text).

79.  Pursuant to GR 2(e), Smith had a duty to comply with RPC 1.7 and 1.8.

80.  Smith violated RPC 1.7 and 1.8 through, among other acts and omissions, the facts set forth below.

81.  Smith was the Ynceras' real estate agent. He therefore entered into a business transaction with the Ynceras. He further had a personal interest in the sale of their home, and, in fact, did receive a substantial commission on the sale of their home.

82.  Smith also represented the Ynceras as their attorney at the August 2, 2006 hearing to approve the sale of their home.

83.  Smith had a personal interest in obtaining the Court's approval for the sale of the Ynceras' home. He further had a personal interest in entering into a settlement agreement with NII which would result in the immediate payment of his commission.

84.  Smith's personal interests potentially were in conflict with the Ynceras' interests.

85.  Smith did not provide the Ynceras with any disclosures of material facts surrounding his potential conflict, as required by both RPC 1.7 and 1.8.

86.  Smith did not obtain the Ynceras' written consent, following consultation and full disclosure of the materials facts surrounding his potential conflict, to his representation as their attorney as required by RPC 1.7.

87.  The Ynceras were not given a reasonable opportunity to consult with independent counsel and consent to Smith's continued representation of them as their attorney and real estate agent, as required by RPC 1.8.

First Amended Complaint - 17
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

88.     To the extent that any of Smith's conduct violative of RPC 1.7 and 1.8 continued after September 1, 2006, that conduct also violated the current versions of RPC 1.7 and 1.8, which became effective on September 1, 2006.

### V.    REQUESTED RELIEF

Wherefore, having alleged the above violations of the Standards of Professional Conduct against Cavagnaro and Smith, Special Disciplinary Counsel requests that, pursuant to GR 2(f), a hearing be held, and that such disposition of this matter be made as warranted by the facts and the law. Possible disposition may include the imposition of discipline as set forth in GR 2(f)(4)(C) or such other discipline that the Court deems just and equitable.

FIRST AMENDED COMPLAINT - 18
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

FIRST AMENDED COMPLAINT - 18
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

1  DATED this _4th_ day of _September_, 2007.

SMITH & HENNESSEY PLLC

*/s/ A. Ulrich/*

James A. Smith, Jr., WSBA 5444
Ann Marie Bender, WSBA 32563
Special Disciplinary Counsel for the United States District Court for the Western District of Washington

BUSH STROUT & KORNFELD

*/s/ A. Ulrich for Gayle Bush/*

Gayle E. Bush, WSBA 7318
Special Disciplinary Counsel for the United States District Court for the Western District of Washington

S&H Server\6185_US District Court\Pleadings\FirstAmendedComplaint.doc

FIRST AMENDED COMPLAINT - 19
2:07-MC-00027-RJT

# CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury under the laws of the State of Washington that I am now and at all times herein mentioned, a resident of the State of Washington, over the age of eighteen years, and competent to be a witness herein.

On the date given below I caused to be served in the manner noted copies of the following upon designated counsel:

1) First Amended Complaint:

| | |
|---|---|
| Leland Ripley<br>Attorney at Law<br>P.O. Box 1058<br>Lake Stevens, WA 98258<br>leland.ripley@comcast.net | X Via ECF |
| Kurt Bulmer<br>Attorney at Law<br>740 Belmont Pl. E. #3<br>Seattle, WA 98102-4442<br>kbulmer@comcast.net | X Via ECF |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct this 5th day of September, 2007.

SMITH & HENNESSEY PLLC

s/Ann Marie Bender
Ann Marie Bender, WSBA No. 32563
Smith & Hennessey PLLC
316 Occidental Avenue South, Suite 500
Seattle, WA 98104
Telephone: (206) 292-1770
Fax: (206) 292-1790
E-mail: abender@smithhennessey.com

CERTIFICATE OF SERVICE - 1
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770