UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

**CIVIL MINUTES - GENERAL**

| Case No. | C07MC-00027-RT | Date | December 26, 2007 |
|---|---|---|---|
| Title | *IN RE: ATTORNEY DISCIPLINARY ACTION OF GREG CAVAGNARO AND JONATHAN SMITH* | | |

| Present: | ROBERT J. TIMLIN, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Patricia Gomez | | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:**   (In chambers)   ORDER DENYING THIRD PARTY BRUCE YNCERA'S AND LORI YNCERA'S MOTION FOR PROTECTIVE ORDER, REQUIRING DISCIPLINE PROSECUTORS TO COMPLY WITH THE RULES FOR ENFORCEMENT OF LAWYER CONDUCT AND FOR OTHER RELIEF

This court has read and considered Third Party Bruce Yncera's and Lori Yncera's ("Ynceras") Motion for Protective Order, Requiring Discipline Prosecutors to Comply with Rules for Enforcement of Lawyer Conduct and Other Relief ("Motion for a Protective Order") , Special Disciplinary Counsel's ("Disciplinary Counsel") Opposition to the Motion for Protective Order, the Ynceras' Reply, and the declarations and supporting evidence submitted concurrently therewith.  Based on such consideration, the court concludes as follows:

I.

BACKGROUND

This matter is a disciplinary proceeding concerning the legal representation of the Ynceras by Greg Cavagnaro ("Cavagnaro") and Jonathan Smith ("Smith")  in a bankruptcy case currently pending in front of Judge Karen Overstreet of the Western District of Washington, Case No. 05-15818-KAO.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

**CIVIL MINUTES - GENERAL**

| Case No. | C07MC-00027-RT | Date | December 26, 2007 |
|---|---|---|---|
| Title | *IN RE: ATTORNEY DISCIPLINARY ACTION OF GREG CAVAGNARO AND JONATHAN SMITH* | | |

Cavagnaro, one of the respondents in this matter, filed a Chapter 13 bankruptcy Petition on behalf of the Ynceras on May 3, 2005. Smith, the other respondent, was originally retained as the Ynceras' real estate agent in the sale of their home, and his appointment as such was approved by the court on December 27, 2005. Smith, as an attorney, also represented the Ynceras at an August 2, 2006 bankruptcy court hearing to approve the sale of their home.

Following that hearing, the Ynceras filed a letter with the bankruptcy court alleging attorney misconduct and inadequate representation by Smith and Cavagnaro. Judge Overstreet subsequently referred a grievance to this court's Committee on Discipline pursuant to Local General Rule 2(f)(5)(C). The Committee on Discipline conducted an investigation and, determining that disciplinary action against these attorneys should be further pursued, it recommended such action to this court. The court appointed James A. Smith and Gayle E. Bush as Disciplinary Counsel to file a complaint and pursue the action. In the Order of Appointment, the disciplinary action was ordered sealed for 30 days. Further, the case was ordered to remain sealed beyond 30 days "only if so ordered by the court upon request of respondent attorneys or the special disciplinary counsel." No such request has been made and the Court has not so ordered.

On June 4, 2007, Disciplinary Counsel filed in this court a complaint alleging that Cavagnaro and Smith committed acts of misconduct under the Standards of Professional Conduct set forth in Local General Rule 2(e).[1] The allegations in this case involve, *inter alia*, certain information that was not

---

[1] On September 5, 2007, Disciplinary Counsel filed a first amended complaint ("FAC") which did not make any substantive changes in the allegations of the Complaint. Cavagnaro and Smith have filed Answers to the FAC denying the allegations of professional misconduct.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

**CIVIL MINUTES - GENERAL**

| Case No. | C07MC-00027-RT | Date | December 26, 2007 |
|---|---|---|---|
| Title | *IN RE: ATTORNEY DISCIPLINARY ACTION OF GREG CAVAGNARO AND JONATHAN SMITH* | | |

disclosed in the Ynceras' bankruptcy petition concerning the Ynceras' residence at the time they filed their petition. After filing the complaint, Disciplinary Counsel began conducting discovery concerning these allegations and, in the course of such discovery, received information from Chicago Title Insurance Company ("Chicago Title") that it paid in excess of $230,000 to Virginia Duttenhefner, Lori Yncera's mother, on the title insurance policy it issued for the Ynceras' residential property. Disciplinary Counsel also issued subpoenas duces tecum to the Ynceras for records and information concerning Chicago Title's payments and states in a declaration filed concurrently with their opposition that they have reason to believe the Ynceras received a portion of the payments by Chicago Title. In response to the subpoenas, the Ynceras, on the advice of their counsel, Marc S. Stern ("Stern") have refused to provide some of the information requested by the subpoenas.

While discovery was ongoing in this case, on or about July 13, 2007, the Ynceras filed in the underlying bankruptcy case a motion for a hardship discharge. At that time, there was a pending Order to Show Cause ("OSC") for partial reconsideration of the Bankruptcy Court's August 2, 2006 Order granting the Ynceras' Motion to approve the sale of their residence. Based on the information gathered through discovery in this case and apparently prompted by Judge Overstreet's comments at the September 5, 2007 hearing on the latter motion and OSC that the court was inclined to reconsider its earlier order and grant the motion, Disciplinary Counsel on September 14, 2007 sent a letter to Judge Overstreet concerning what they had learned respecting the non-disclosure of information to the bankruptcy court regarding the Ynceras' residence. On October 9, 2007, Judge Overstreet granted the relief sought by the Ynceras.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

**CIVIL MINUTES - GENERAL**

| Case No. | C07MC-00027-RT | Date | December 26, 2007 |
|---|---|---|---|
| Title | *IN RE: ATTORNEY DISCIPLINARY ACTION OF GREG CAVAGNARO AND JONATHAN SMITH* | | |

The Ynceras have now filed the instant Motion for Protective Order. They assert that Disciplinary Counsel exceeded the authority granted to them in this case by improperly disclosing in the bankruptcy case attorney-client privileged communications obtained as a result of discovery in this case. In the instant motion, the Ynceras do not challenge their obligation to provide information and documents in response to the subpoenas, but rather seek to limit the way that information is used once it is produced. More specifically, the Ynceras seek the following relief: 1) that this Court find that Disciplinary Counsel exceeded the bounds of the authority granted to them by the Committee on Discipline, 2) that this Court grant the Ynceras standing as grievants in this proceeding by adopting a Rule for Enforcement of Lawyer Conduct adopted by the Washington State Bar Association, 3) that this Court place all documents that are attorney-client privileged under seal until the bankruptcy case is concluded and 4) that this Court prohibit Special Counsel in the future from providing any of the documents or information produced in discovery to anyone outside the scope of this proceeding.

II.

ANALYSIS

**A. DISCIPLINARY PROCEEDINGS CONDUCTED UNDER LOCAL GENERAL RULE 2(f)**

Local General Rule 2(f) ("LGR 2(f)") addresses attorney discipline in cases under the jurisdiction of the Western District of Washington. It provides a detailed procedure for disciplinary proceedings initiated by the Court. *See* LGR 2(f)(5). That procedure contemplates that a grievance will be referred from a United States District Court Judge, Bankruptcy Judge, or Magistrate Judge to the Committee on Discipline. The Committee is charged with conducting an initial evaluation of the

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

**CIVIL MINUTES - GENERAL**

| Case No. | C07MC-00027-RT | Date | December 26, 2007 |
|---|---|---|---|
| Title | *IN RE: ATTORNEY DISCIPLINARY ACTION OF GREG CAVAGNARO AND JONATHAN SMITH* | | |

grievance to determine whether it warrants further investigation. The Committee must then inform the Chief Judge of its decision to pursue or not to pursue further investigation.

If the Committee determines that the grievance warrants further investigation, it shall promptly conduct such investigation and prepare a written report concerning its findings. If the Committee determines that disciplinary action against the attorney should be pursued, it requests that Special Disciplinary Counsel be appointed. "The Special Disciplinary Counsel is authorized to prosecute such allegations involving attorney discipline. Subject to the Federal Rules of Civil Procedure and the Local Rules of this Court, the Special Disciplinary Counsel is authorized to perform all acts necessary to execute his or her duties, including but not limited to, administering oaths and affirmations, issuing subpoenas to compel attendance by witnesses and responding attorneys, and compelling production of documents." LGR 2(f)(5)(D)(i). The respondent attorneys are accorded various rights under LGR 2(f). Nowhere in LGR 2(f) is there any mention of the role of the clients of a respondent attorney in the grievance proceedings, except for the general provisions addressing the role of witnesses.

The procedural steps of LGR 2(f) have been applied in this case: Bankruptcy Judge Overstreet referred the matter to the Committee on Discipline. The Committee on Discipline investigated and recommended the filing of a formal complaint and hearing involving Cavagnaro and Smith. At the request of the Committee on Discipline, the Chief Judge appointed Disciplinary Counsel, who then filed a complaint initiating the instant action and is currently conducting discovery, including issuing subpoenas to the Ynceras for certain records and documents.

The Ynceras do not assert that the procedural steps have not been followed in the instant action,

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

**CIVIL MINUTES - GENERAL**

| Case No. | C07MC-00027-RT | Date | December 26, 2007 |
|---|---|---|---|
| Title | *IN RE: ATTORNEY DISCIPLINARY ACTION OF GREG CAVAGNARO AND JONATHAN SMITH* | | |

but they do request that this court amend or interpret LGR 2(f) to allow them to appear as grievants in this action from this point forward and as such they should have the rights accorded to grievants, including the right to have notice of hearings, to be present at hearings, and to be served with all documents filed in this case. The Ynceras do concede that LGR 2(f) does not explicitly contemplate such a procedure but they ask this Court to effectively amend Local General Rule 2(f) for the purpose of this action to allow them to appear as grievants, by adopting Washington State Bar Association Rule for Enforcement of Lawyer Conduct 5.1 ("ELC 5.1") which provides in pertinent part: "Any person or entity may file a grievance against a lawyer admitted to practice law in this state, or against a lawyer specially admitted by a court of this state for a particular case." Special Counsel contend that the presiding judge in this action has no authority to amend Local Rules and therefore cannot grant the Ynceras' request.

  LGR 2(f)(5)(D)(iii) provides that "[t]he Federal Rules of Civil Procedure and the Local Rules of this Court will apply to any action prosecuted by the Special Disciplinary Counsel, *subject to such modifications as the assigned Judge may order*." (emphasis added). Therefore, contrary to Disciplinary Counsel's position, the assigned judge has the power to modify a Local Rule which applies in a particular disciplinary proceeding. However, although this Court has such authority to modify a particular rule for a particular purpose it deems necessary and proper, this Court denies Ynceras' request that it adopt ELC 5.1 and allow them to appear as grievants because such a modification would fundamentally alter the nature and structure of these disciplinary proceedings as intended by this court.

  LGR 2(f) contemplates a procedure for the court itself to initiate proceedings to discipline

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

**CIVIL MINUTES - GENERAL**

| Case No. | C07MC-00027-RT | Date | December 26, 2007 |
|---|---|---|---|
| Title | *IN RE: ATTORNEY DISCIPLINARY ACTION OF GREG CAVAGNARO AND JONATHAN SMITH* | | |

attorneys who have engaged in misconduct during their appearance in the Western District of Washington, and to appoint Special Counsel to represent the interests of the court by prosecuting a disciplinary action against the attorney. The peculiar nature of the proceedings is recognized in LGR 2(f)(5)(E) where Special Counsel's role is described as follows: "The investigation, prosecution, and determination of a disciplinary matter are inherently quasi-judicial functions and involve the exercise of discretionary judgment." In a proceeding in which the Special Counsel is a quasi-judicial officer representing the court's interests as an aggrieved party and the adverse party is the respondent attorneys, permitting the Ynceras to appear as grievants because they were the clients of the respondent attorneys during the alleged misconduct would radically alter the very nature of the proceedings.

Although the Ynceras reported to the Bankruptcy Court certain actions by their counsel-- Cavagnaro and Smith– Judge Overstreet reported such conduct to the Committee on Discipline as possible breaches of the rules of professional responsibility of this court, and this court is now engaged in these proceedings to determine if the respondent attorneys did violate such rules. As stated above, this Court has the authority to make modifications to the applicable Rules as it sees fit, but this assigned judge declines to exercise its discretion to adopt such radical and substantial amendments of the applicable rules as proposed by the Ynceras. The Ynceras are witnesses in this proceeding and have the rights and duties attendant to being a witness in a civil proceeding, but they are not grievants. They, of course, have or had their own potential remedies against those attorneys in separate civil proceedings initiated by them personally against the attorneys. Further, they may report the attorneys' conduct in representing them to the State Bar of Washington.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

**CIVIL MINUTES - GENERAL**

| Case No. | C07MC-00027-RT | Date | December 26, 2007 |
|---|---|---|---|
| Title | *IN RE: ATTORNEY DISCIPLINARY ACTION OF GREG CAVAGNARO AND JONATHAN SMITH* | | |

Therefore, the Court denies the Ynceras' request to adopt ELC 5.1 for the purpose of this case and to allow them to appear as grievants in this action.

**B.   PRIVILEGE**

The Ynceras contend that Disciplinary Counsel provided information protected by the attorney-client privilege in Disciplinary Counsel's September 14, 2007 letter to Judge Overstreet, and that in doing so, Disciplinary Counsel has interfered with an ongoing attorney-client relationship between the Ynceras and their current counsel, Stern. Because of Disciplinary Counsel's actions, the Ynceras request that the Court place under seal all attorney-client privileged documents and communications that are obtained during the course of the discovery in this disciplinary proceeding, until the bankruptcy case has been finally decided.

First, with regard to the Ynceras' assertion that Disciplinary Counsel has invaded the attorney-client relationship between the Ynceras and Stern, the Court finds this contention to be without merit. The information disclosed to Judge Overstreet related to communications between the Ynceras and Cavagnaro and Smith, their former bankruptcy counsel, in 2005 and early 2006. Stern became the Ynceras' attorney in the bankruptcy case in September 2006, when Judge Overstreet's allegations were referred to the Discipline Committee. Therefore, none of the information which Disciplinary Counsel provided to Judge Overstreet in the bankruptcy proceeding involved attorney-client communications between the Ynceras and Stern.

With regard to communications between the Ynceras and their prior attorneys Cavagnaro and Smith which were protected by the attorney-client privilege, the Court finds that the Ynceras have

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

**CIVIL MINUTES - GENERAL**

| Case No. | C07MC-00027-RT | Date | December 26, 2007 |
|---|---|---|---|
| Title | *IN RE: ATTORNEY DISCIPLINARY ACTION OF GREG CAVAGNARO AND JONATHAN SMITH* | | |

waived that privilege with regard to any and all such communications because at the outset of their interview with the Discipline Committee, each of them clearly waived the attorney-client privilege "as to Mr. Cavagnaro, Ms. Chapman, and Mr. Smith." Both of the Ynceras consulted with Stern, their current attorney, regarding such a waiver before waiving the privilege and they did so without expressing any limitation on that waiver.

Federal courts have generally concluded that "information, once disclosed to a party opponent, waives the attorney-client privilege as to future proceedings." *See, e.g., Genentech, Inc. v. United States Int'l Trade Comm'n*, 122 F.3d 1409, 1416, 1416-18 (Fed.Cir. 1997) ("Once the attorney-client privilege has been waived, the privilege is generally lost for all purposes and in all forums"); *In re Martin Marietta Corp.*, 856 F.2d 619, 623-24 (4th Cir. 1988)(holding that disclosure to the government waived the attorney-client privilege as to future proceedings); *United States v. Suarez*, 820 F.2d 1158, 1161 (11th Cir. 1987) ("It has long been held that once waived, the attorney-client privilege cannot be reasserted.")(citing among others 8 Wigmore, Evidence § 2328 at 638 (McNaughton rev. 1961); *Permian Corp. v. United States*, 665 F.2d 1214, 1221 (D.C. Cir. 1981) ("The client cannot be permitted to pick and choose among his opponents, waiving the privilege for some and resurrecting the claim of confidentiality to obstruct others, or to invoke the privilege as to communications whose confidentiality he has already compromised for his own benefit."). For the Ynceras to invoke the privilege in this action regarding the subject matter of communications about which they previously waived the privilege in the early phase of the disciplinary proceeding before the Discipline Committee regarding their attorneys' actions in the bankruptcy case is precisely the type of picking and choosing of which federal

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

**CIVIL MINUTES - GENERAL**

| Case No. | C07MC-00027-RT | Date | December 26, 2007 |
|---|---|---|---|
| Title | *IN RE: ATTORNEY DISCIPLINARY ACTION OF GREG CAVAGNARO AND JONATHAN SMITH* | | |

courts disapprove.

Also, even earlier in the bankruptcy case itself, the Ynceras appear to have waived implicitly the attorney-client privilege regarding their communications with bankruptcy counsel Cavagnaro and Smith, at the time they complained of their attorneys' performance to Judge Overstreet. Judge Overstreet reviewed materials submitted by the Ynceras, Cavagnaro and Smith, before referring this matter for disciplinary proceedings. "The rule that a litigant waives the attorney-client privilege by putting the lawyer's performance at issue during the course of the litigation dates back to at least *Hunt v. Blackburn*, 128 U.S. 464... (1888). .. In the intervening years, courts and commentators have come to identify this simple rule as the fairness principle. The principle is often expressed in terms of preventing a party from using the privilege as a shield and a sword. In practical terms, this means that parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials. The party asserting the claim is said to have implicitly waived the privilege." *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003) (citations omitted); *see also Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) ("The privilege which protects attorney-client communications may not be used as a sword and a shield.").

The Ynceras initiated contact with Judge Overstreet about their attorneys' allegedly inadequate representation, which in turn has culminated in these disciplinary proceedings. Their attorneys' representation of them is at the heart of the allegations in this disciplinary proceeding. They cannot now hide behind the attorney-client privilege regarding communications between them and such counsel, the subject matter of which may reflect negatively on them in the bankruptcy case.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

**CIVIL MINUTES - GENERAL**

| Case No. | C07MC-00027-RT | Date | December 26, 2007 |
|---|---|---|---|
| Title | *IN RE: ATTORNEY DISCIPLINARY ACTION OF GREG CAVAGNARO AND JONATHAN SMITH* | | |

Finally, regarding the Ynceras' request that this Court order any documents that it determines to be confidential or covered by the attorney-client privilege be placed under seal, the Court notes that LGR 2(f)(5)(G) provides the procedure for requesting the proceedings be placed under seal. It states: "The Court may, in its discretion, order that the proceedings remain under seal at the request of the respondent attorney or the Special Disciplinary Counsel." The only requests to seal the proceedings including information obtained pursuant to discovery that this Court may consider must come from Disciplinary Counsel or the respondent attorneys, not witnesses to the proceedings. No sealing requests by the parties to this action have been made in this proceeding so far.

Based on the foregoing, the Court concludes that the Ynceras have waived their attorney-client privilege with regard to communications between themselves and Cavagnaro and Smith regarding the bankruptcy case during the period those attorneys represented them. Further, the Court denies the Ynceras' request to place all documents that are attorney-client privileged under seal until the bankruptcy case is concluded.

**C.     DISCIPLINARY COUNSEL'S DISCLOSURE OF INFORMATION TO JUDGE OVERSTREET**

The Ynceras contend that Disciplinary Counsel exceeded the authority granted to them in the Order of Appointment by the Chief Judge, when they notified Judge Overstreet of the information he had acquired during the course of discovery regarding possible nondisclosures by the Ynceras to the Bankruptcy Court during their bankruptcy proceedings.

Since the subject information is not privileged or confidential, the question is whether

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

**CIVIL MINUTES - GENERAL**

| Case No. | C07MC-00027-RT | Date | December 26, 2007 |
|---|---|---|---|
| Title | *IN RE: ATTORNEY DISCIPLINARY ACTION OF GREG CAVAGNARO AND JONATHAN SMITH* | | |

Disciplinary Counsel is prohibited from disclosing in another forum any non-privileged, non-confidential information obtained by them during the course of discovery in this proceeding. The Ynceras cite no authority for such a proposition, other than the Order of Appointment itself. According to LGR 2(f)(5)(D)(i), "[t]he Special Disciplinary Counsel is authorized to prosecute such allegations involving attorney discipline. Subject to the Federal Rules of Civil Procedure and the Local Rules of this Court, the Special Disciplinary Counsel is authorized to perform all acts necessary to execute his or her duties, including but not limited to, administering oaths and affirmations, issuing subpoenas to compel attendance by witnesses and responding attorneys, and compelling production of documents." The Ynceras do not dispute that Disciplinary Counsel are authorized to perform the various acts listed in the Local General Rule, including discovery. This Court finds nothing in the record suggesting that Disciplinary Counsel has pursued discovery in a manner that violates LGR 2(f) or the Order of Appointment, or any other rule or statute.

With regard to the question of whether Disciplinary Counsel has somehow acted beyond the scope of their appointment by providing certain information to the Bankruptcy Court, the Order of Appointment does not place limitations on Disciplinary Counsel as to whom they may reveal the results of discovery. Further, as noted above, LGR2(f)(5)(E) describes Disciplinary Counsel as taking on "quasi-judicial functions" that involve "the exercise of discretionary judgment." In this assigned judge's view, Disciplinary Counsel's disclosing to the Bankruptcy Court the existence of a possible fraud on that court is within the exercise of discretionary judgment. The Court concludes that, in disclosing non-confidential, non-privileged information to the bankruptcy court, Disciplinary Counsel

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

**CIVIL MINUTES - GENERAL**

| Case No. | C07MC-00027-RT | Date | December 26, 2007 |
|---|---|---|---|
| Title | *IN RE: ATTORNEY DISCIPLINARY ACTION OF GREG CAVAGNARO AND JONATHAN SMITH* | | |

have not violated LGR 2(f) and have not acted outside the scope of the Order of Appointment.

However, this conclusion does not necessarily mean that Disciplinary Counsel's subject interaction with the bankruptcy court was proper or improper. The Ynceras may challenge Disciplinary Counsel's conduct before the bankruptcy court. With regard to the Ynceras' assertions that Disciplinary Counsel's letter to Judge Overstreet was an improper *ex parte* communication with the bankruptcy court, this contention is argued in the wrong forum. If the Ynceras have objections to what was submitted by Disciplinary Counsel to the Bankruptcy Court, how it was submitted, and the Bankruptcy Court's consideration of it, they should present them to that court, not this court in this proceeding.[2]

The court denies the Ynceras' request for an order prohibiting Disciplinary Counsel from using any documents produced in this proceeding outside of this proceeding.

### III.

### DISPOSITION

IT IS ORDERED that Ynceras' Motion for Protective Order, Requiring Discipline Prosecutors to Comply with Rules for Enforcement of Lawyer Conduct and Other Relief is DENIED.

---

[2] On the merits, this Court would reject the Ynceras' contention that Disciplinary Counsel's September 14, 2007 letter to Judge Overstreet was an ex parte communication. It agrees with Disciplinary Counsel that the document was not an ex parte communication, as all parties were served with a copy of the letter. There is a question, unresolved on this record, whether Judge Overstreet gave any consideration to it in making her decision.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

**CIVIL MINUTES - GENERAL**

| Case No. | C07MC-00027-RT | Date | December 26, 2007 |
|---|---|---|---|
| Title | *IN RE: ATTORNEY DISCIPLINARY ACTION OF GREG CAVAGNARO AND JONATHAN SMITH* | | |

_____ : _____

Initials of Preparer        RJS