Hon. Robert J. Timlin

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| In Re: | ) |
| | ) |
| Attorney Disciplinary Action of Greg | ) Case Number 2:07-MC-00027-RJT |
| Cavagnaro and Jonathan Smith | ) |
| | ) STIPULATION AND AGREED ORDER OF |
| | ) DISCIPLINE REGARDING GREG |
| | ) CAVAGNARO |
| | ) |
| | ) |
| _____ | ) |

## I.     STIPULATION

This attorney disciplinary proceeding is being conducted pursuant to GR 2(e) and (f) of the General Rules of the United States District Court for the Western District of Washington. The following Stipulation and Agreed Order of Discipline is entered into by James A. Smith, Jr. and Ann Marie Bender of Smith & Hennessey, PLLC, and Gayle Bush of Bush Strout & Kornfeld, collectively Special Disciplinary Counsel for the United States District Court for the Western District of Washington ("SDC"), Respondent lawyer, Gregory P. Cavagnaro, and Respondent's counsel, Leland Ripley.  SDC, Respondent Cavagnaro, and Ripley respectfully request that the Court enter the Agreed Order of Discipline adjoined to this Stipulation below.

STIPULATION AND AGREED ORDER OF DISCIPLINE - 1
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

Respondent understands that he is entitled to a hearing, to present exhibits and witnesses on his behalf, and to have a judge determine the facts, misconduct and sanction, if any, in this case. Respondent further understands that consistent with rules of appeal he may be entitled to appeal the outcome of a hearing to the United States Court of Appeals for the Ninth Circuit. Respondent further understands that a hearing and appeal could result in an outcome more favorable or less favorable to him. Respondent chooses to resolve this proceeding now by entering into the following stipulation to facts, misconduct and sanction to avoid the risk, time, and expense attendant to further proceedings. The SDC chooses to resolve this proceeding now because they believe it is in the best interests of justice consistent with the purposes of attorney discipline in the Western District of Washington.

## A.    ADMISSION TO PRACTICE

1.    Gregory P. Cavagnaro ("Cavagnaro") is one of the Respondents herein. He is a lawyer admitted to practice law in the State of Washington effective May 31, 1988 and before the United States District Court for the Western District of Washington.

## B.    STIPULATED FACTS

2.    Cavagnaro has experience in bankruptcy matters. At the time relevant to this matter, he employed a paralegal/office assistant named Jean Chapman ("Chapman").

3.    Jonathan S. Smith ("Smith") is the other Respondent herein. He is an attorney admitted to practice law in the State of Washington and before the United States District Court for the Western District of Washington. He has experience in bankruptcy proceedings. He is also a real estate agent. Smith formerly employed Chapman as a paralegal.

4.    At the time relevant to this matter, Smith had decided to stop practicing law and to focus on his real estate sales career. When Smith notified his clients that he was ceasing to

STIPULATION AND AGREED ORDER OF DISCIPLINE - 2
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

1  practice law he told his clients that Cavagnaro, with whom he shared office space, was willing to

2  take over their bankruptcy matter if they wished to hire him.  In representing several bankruptcy

3  clients who wanted to sell their homes Cavagnaro provided the clients with the names of real

4  estate sales persons including Smith.  When clients hired Smith, Cavagnaro sought Smith's

5  appointment as real estate agent for those bankruptcy clients.

6

7     5.   On May 3, 2005, Bruce and Lori Yncera ("Ynceras"), husband and wife consulted

8  with Cavagnaro regarding filing a Chapter 13 bankruptcy Petition.  Cavagnaro represents that

9  Ynceras were concerned about the possibility of their vehicles being repossessed.  On April 25,

10 2005 the bankruptcy court, in response to the trustee's motion had dismissed their previous

11 Chapter 13 bankruptcy filed with another counsel under No. 04-20558.  Cavagnaro agreed to

12 represent the Ynceras and they became his clients.

13

14    6.   On May 3, 2005, the Ynceras met with Cavagnaro and Chapman at Cavagnaro's

15 office to discuss filing the Ynceras' new Chapter 13 Petition.  The Ynceras had filed previous

16 bankruptcies, and Cavagnaro, Chapman, and the Ynceras used a copy of the Ynceras' most

17 recent Chapter 13 Petition and related schedules as the basis for their new Petition.  During the

18 May 3, 2005 meeting, the Ynceras, Chapman, and Cavagnaro edited a copy of the prior Petition

19 and schedules in different colored pens, for the purpose of noting information that had changed

20 since the filing of the prior Petition.

21

22    7.   At the conclusion of the May 3, 2005 meeting, the Ynceras signed the draft Petition

23 and schedules which they had edited in pen.  On that same day, and at the insistence of the

24 Ynceras, Cavagnaro electronically filed a newly prepared clean copy of the Chapter 13 Petition

25 and schedules with the Court under No. 05-15818-KAO, United States Bankruptcy Court for the

26 Western District of Washington.  There were some differences between the edited draft of the

STIPULATION AND AGREED ORDER OF DISCIPLINE - 3
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

Petition and schedules, signed by the Ynceras, and the final version of the Petition and schedules as filed with the bankruptcy court. According to Cavagnaro, Ynceras refused to wait for the preparation of the final petition and refused to return later that day to sign the actual petition. Cavagnaro represents they claimed that Bruce Yncera's medical condition prevented them from either waiting or returning. Instead, Cavagnaro represents, the Ynceras authorized Cavagnaro, based upon the information and signatures on the edited petitions and schedules, to file the newly-prepared Petition and Schedules on May 3, 2005.

8.     Cavagnaro could not produce any document filed with the bankruptcy court, aside from a July 31, 2006 declaration of Lori Yncera, which had been signed by the Ynceras. The Ynceras deny signing any document filed on their behalf with the bankruptcy court, except for July 31, 2006 declaration of Lori Yncera.

9.     At the time they filed the Chapter 13 Petition, by virtue of a quitclaim deed from Lori Yncera's mother, Virginia Duttenhefner ("Duttenhefner"), to herself and the Ynceras, the Ynceras owned an interest in their residence in Issaquah, Washington. The Ynceras resided at this property, and it was their principal asset. Duttenhefner continued to own an interest in the residence, and the title insurance for the residence was issued in her name, and not in Ynceras.

10.     The Petition and schedules filed by Cavagnaro did not disclose Duttenhefner's interest in the Issaquah property. Cavagnaro states that he did not know about Duttenhefner's interest in the property until December 2005. On December 23, 2005 Cavagnaro filed a Debtor's response to Motion for Relief from Stay which stated: "While Debtors' schedules require some amending, including the fact that the Joint Debtor's mother actually owns a ½ interest in the [residence]...." Cavagnaro failed to amend the schedules to show Duttenhefner's interest in the residence until July 26, 2006, more than a year after the Petition was filed, and seven months

STIPULATION AND AGREED ORDER OF DISCIPLINE - 4
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

1  after Cavagnaro learned of it.

2      11.   At the time the Ynceras filed the Chapter 13 Petition, the Ynceras and Duttenhefner

3  were defendants in a Quiet Title/Adverse Possession action in King County Superior Court. This

4  action, *Kalnoski v. Yncera, et al.*, King County Cause No. 04-2-18381-2 SEA (the "adverse

5  possession action"), involved the Issaquah property.

6      12.   The adverse possession action, and the identity of plaintiffs' counsel in that action,

7  had been disclosed in the Ynceras' prior bankruptcy and appeared on the Petition and schedules

8  from the prior bankruptcy, which the Ynceras, Chapman, and Cavagnaro used as the basis for the

9  Petition filed on May 3, 2005.

10      13.   Cavagnaro asserts that the Ynceras told him on May 3, 2005 that the adverse

11  possession action had been settled and resolved, and did not have to be disclosed, and that the

12  Ynceras specifically requested that plaintiffs' counsel in the adverse possession action be

13  removed from the list of unsecured creditors and the mailing matrix so that he would not receive

14  notice of their bankruptcy Petition. The Ynceras deny these statements, and claim that they

15  advised Chapman and Cavagnaro that the action was still pending.

16      14.   In fact, the Petition as filed by Cavagnaro lists the adverse possession action as

17  "Pending" in the Statement of Financial Affairs. However, the plaintiffs' counsel in the adverse

18  possession action was removed from the list of unsecured creditors and the mailing matrix, thus

19  precluding notice of the bankruptcy to him.

20      15.   Cavagnaro did not contact other counsel in the adverse possession action.

21  Cavagnaro and Chapman deny conducting any research on publicly accessible databases

22  regarding the status of the adverse possession action. Had they done such research, they would

23  have learned that the action was pending, and had not been resolved.

STIPULATION AND AGREED ORDER OF DISCIPLINE - 5
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

16.    However, the King County Superior Court case number for the adverse possession action did not appear in the draft Petition and schedules signed by the Ynceras, but was added to the Statement of Financial Affairs as filed with the Court by Cavagnaro, indicating that either Cavagnaro or Chapman obtained that information, and could have known that the adverse possession action was ongoing, prior to filing the Chapter 13 Petition.

17.    The Chapter 13 Plan, approved by the bankruptcy court on January 24, 2006, anticipated the Ynceras selling the Issaquah property.  Cavagnaro and/or Chapman referred the Ynceras to Smith and another individual as possible real estate agents to sell the property.  After agreement by the Ynceras for Smith to be the real estate agent, permission for Smith to serve in that role was obtained from the bankruptcy court on December 27, 2005.

18.    At about the time the bankruptcy court authorized Smith to act as the real estate agent, he obtained a preliminary title report on the Ynceras' residence.  He stated that he then provided it to Cavagnaro and/or Chapman.  Cavagnaro recalls discussing the title report with Smith.  Despite requests by the SDC for this document, a copy has not been provided by Cavagnaro, who states that he was unable to locate it and it was not in his files.

19.    The preliminary title report showed Duttenhefner was on the title for the Issaquah property, and had an interest in it.

20.    Cavagnaro therefore learned of Duttenhefner's interest in the Issaquah property in December 2005. He should have disclosed this information to the Court and the Ynceras' creditors in a timely-filed amended bankruptcy schedule, but did not do so until July 26, 2006, seven months after receiving this information and more than a year after filing the Petition.

21.    The preliminary title report also showed that the adverse possession action continued in King County Superior Court, despite the Ynceras' alleged representation that it had

STIPULATION AND AGREED ORDER OF DISCIPLINE - 6
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

1    been settled prior to the filing of the Petition on May 3, 2005.

2    22.   Cavagnaro represents that in December, 2005, the Ynceras admitted to Cavagnaro

3   that they had misrepresented the status of the adverse possession action; that it had not been

4   settled as previously represented to Cavagnaro; and that the case had only recently been settled.

5

6   Cavagnaro represents that the Ynceras did not advise Cavagnaro at that time or at any other time

7   that the settlement of the adverse possession action had resulted in Chicago Title's payments to

8   Virginia Duttenhefner or that Ms. Duttenhefner paid any of those funds to the Ynceras.

9   Cavagnaro never spoke with or communicated with Duttenhefner. On or about December 13,

10   2005, around the time that Cavagnaro reviewed the preliminary title report, the Ynceras sent a

11

12   fax to Cavagnaro which attached a settlement agreement resolving the plaintiff' claims against

13   the Ynceras and Duttenhefner in the adverse possession action.  The settlement agreement had

14   been executed by the parties in early December 2005, and resulted in the Ynceras and

15   Duttenhefner quitclaiming a part of the Issaquah property to the Kalnoskis, their neighbors and

16   plaintiffs in the adverse action.  Ynceras do not concur in some or all of Cavagnaro's statements

17   in this paragraph.

18    23.   The parties to the adverse possession action filed a stipulated dismissal of the

19   Kalnoskis' claims, and the quitclaim deed executed by the Ynceras and Duttenhefner, in

20   February 2006.  On or about February 14, 2006, the Ynceras sent a fax to Cavagnaro which

21   attached these pleadings and the quitclaim deed.

22

23    24.   The pleadings Cavagnaro received from the Ynceras in February 2006 also revealed

24   that the Ynceras and Duttenhefner had asserted third party claims in the adverse possession

25   action against Helen Cook, who had given Duttenhefner a statutory warranty deed for the

26   Issaquah property when Duttenhefner originally purchased it. These third party claims survived

STIPULATION AND AGREED ORDER OF DISCIPLINE - 7
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

the settlement.

25.    The settlement of the plaintiffs' claims against the Ynceras in the adverse possession action, the quitclaiming of part of the Ynceras' property to plaintiffs, and the existence of third party claims against Cook, were all material facts regarding the Ynceras' principal bankruptcy asset, the Issaquah property.

26.    The information Cavagnaro obtained regarding the adverse possession action in December 2005 and February 2006 further showed that the firm of Foster Pepper, PLLC ("Foster Pepper") was co-counsel for the Ynceras and Duttenhefner in the adverse possession action. Based upon his knowledge of the Ynceras' financial situation, Cavagnaro knew or should have known that the Ynceras were not able to pay for Foster Pepper's services, and should have inquired about the source of fee payments to Foster Pepper. Moreover, the fact that the Ynceras had involvement in multiple claims within the adverse possession action should have led Cavagnaro to inquire regarding the existence of title insurance and the Ynceras' potential claims with respect thereto.

27.    Chicago Title retained Foster Pepper to represent Ynceras and paid its fees. While Cavagnaro had no knowledge of the payments, the company's records and other documents further show that Chicago Title paid Virginia Duttenhefner, co-owner of the Issaquah property, at least $230,000.00 in settlement of claims arising out of the adverse possession action, and that Duttenhefner transferred the vast majority of these funds to the Ynceras. The Ynceras' receipt of these funds was not disclosed to Cavagnaro, the bankruptcy court or the Ynceras' creditors by Ynceras. According to Cavagnaro, his clients specifically prohibited Cavagnaro from contacting Foster Pepper; however he should have conducted a reasonable inquiry regarding Foster Pepper's representation of Duttenhefner and the Ynceras, and the existence of title insurance.

STIPULATION AND AGREED ORDER OF DISCIPLINE - 8
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

28.    Cavagnaro learned of the ongoing status of the adverse possession action, and its recent settlement, which involved the Ynceras quitclaiming a part of their property to the plaintiffs in that action, in December 2005.  In February 2006, he received confirmation of the settlement and obtained copies of pleadings finalizing that settlement.  He also learned of the existence of the Ynceras' third party claims against Helen Cook.

29.    Cavagnaro knew that bankruptcy court approval was required for the Ynceras' continued participation in the adverse possession action, for the settlement of that action, and for the quitclaiming of part of their property to plaintiffs in that action.  He did not obtain that approval.  Cavagnaro attributes his decision to not seek court approval to the instructions from his clients which he represents he received.

30.    Cavagnaro also knew that the status and settlement of the adverse possession action, and the existence of ongoing third party claims, were required to be disclosed to the bankruptcy court and the Ynceras' creditors.  He never disclosed this information.  Cavagnaro attributes his decision to not disclose this information to the instructions from his clients which he represents he received.

31.    Cavagnaro states that he advised the Ynceras in December 2005 that the status and settlement of the adverse possession action were required to be disclosed to the bankruptcy court and the Ynceras' creditors, and that the Ynceras refused to allow him to make this disclosure. The Ynceras deny that they refused to allow him to make this disclosure.

32.    Cavagnaro further states that the Ynceras' forbade him from speaking to attorneys at Foster Pepper about the adverse possession action.  The Ynceras admit that they did so.

33.    Eventually a purchase and sale agreement for the home was obtained with a closing date of August 4, 2006.  Permission to finalize the sale needed to be obtained from the

STIPULATION AND AGREED ORDER OF DISCIPLINE - 9
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

bankruptcy court prior to that date.

34. On July 18, 2006 Cavagnaro filed a motion for approval of the sale which was set to be heard on August 2, 2006. Cavagnaro was scheduled to be out of town on vacation on August 2, 2006. Cavagnaro represents that he timely informed the Ynceras about his vacation and advised them that they should wait until his return to have the court hear the motion. However, according to Cavagnaro, the Ynceras insisted that the motion be heard on August 2, 2006. On July 26, 2006 Don Bailey, counsel for Now Impressions, Inc., an unsecured creditor of the Ynceras, filed an objection to motion to sell real property asserting, among other things, that Duttenhefner, owned an interest in the residence.

35. On July 26, 2006, Cavagnaro amended the Ynceras' bankruptcy schedules to reflect Duttenhefner's ownership interest in the Issaquah residence, which he had known about since December 2005. Cavagnaro listed Duttenhefner as having a 50 percent interest. Cavagnaro also amended the homestead exemption on the Issaquah property, increasing it significantly, on this date.

36. Around July 28, 2006 Cavagnaro left for his planned vacation. He asserts he had a good faith belief that he would have cell phone availability to handle the Yncera matter. He did not have coverage and was unavailable during the days leading up to the hearing, and during the hearing. He did not contact his office until several days after the August 2, 2006 hearing. This lack of cell phone coverage also prevented Chapman from contacting Cavagnaro to resolve any pending issues.

37. From the date of Cavagnaro's departure until his return after the August 2, 2006 hearing, Chapman was working in his office with no attorney supervision.

38. In Cavagnaro's absence, and acting without attorney supervision, Chapman filed

STIPULATION AND AGREED ORDER OF DISCIPLINE - 10
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

several pleadings in the Ynceras' bankruptcy. At approximately 1:50 p.m. on July 31, 2006, Chapman electronically filed a declaration of Lori Yncera in support of the motion to approve the sale of the Issaquah property. Chapman included an electronic signature for Lori Yncera. However, fax records indicate that Lori Yncera did not receive a copy of the declaration until the evening of July 31, 2006, and that she did not return her signature to Chapman until August 1, 2006, after the date of filing. Cavagnaro represents that some of Chapman's actions violate his alleged standard practices.

39. Prior to his departure, Cavagnaro had arranged for another attorney to cover the motion hearing. However, on August 1, 2006, the day before the hearing, the attorney who was to provide coverage at the hearing advised Chapman that he was not going to be able to attend.

40. During the late afternoon or early evening of August 1, 2006, Chapman told the Ynceras that she could not find an attorney to cover the hearing for them, other than Smith, who was acting as their real estate agent. In the course this discussion, either Chapman or the Ynceras suggested that Smith could attend the hearing as the Ynceras' counsel. Lori Yncera asked Chapman whether Smith's representation of them at the hearing would present a conflict of interest, and Chapman incorrectly advised her that it would not.

41. Chapman then asked Smith whether he would be willing to attend the hearing as the Ynceras' attorney. After Smith discussed the matter with both Chapman and the Ynceras, Smith agreed to attend the hearing as the Ynceras' counsel. He and Chapman knew that no other attorney would be attending the hearing on behalf of the Ynceras.

42. Also on August 1, 2006, Chapman engaged in extensive, unsupervised negotiations with Don Bailey in an attempt to resolve Now Impressions, Inc.'s objections to the sale of the property. Cavagnaro represents that Chapman's actions in contacting and negotiating with Don

STIPULATION AND AGREED ORDER OF DISCIPLINE - 11
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

1  Bailey were without his authority and were contrary to Cavagnaro's standard and acceptable

2  practices.

3      43.   On August 1, 2006, acting without attorney supervision, Chapman again drafted

4  and filed amended bankruptcy schedules for the Ynceras, changing from the state to the federal

5

6  homestead exemption.  These amended schedules were provided to the bankruptcy court and

7  Don Bailey on the evening before the hearing.  Cavagnaro represents that he was without

8  knowledge of the above events at the time they occurred, and that Ms. Chapman was not

9  authorized by him to engage in these activities.

10     44.   Prior to the hearing, Chapman also prepared approximately six different proposed

11 orders reflecting various scenarios raised in her negotiations with Don Bailey.  She provided

12
   these orders and the recently revised bankruptcy schedules to Smith. Cavagnaro represents that
13
14 he was without knowledge of the above events at the time they occurred, and that Ms. Chapman

15 was not authorized by him to engage in these activities.

16     45.   Smith attended the August 2, 2006, hearing on the Ynceras' behalf.   The

17 bankruptcy court authorized the sale but provided that the proceeds would retained by the

18 Trustee until Cavagnaro returned from vacation and could address questions regarding the

19
   unsecured creditors' claims and other issues relating to the distribution of sale proceeds.  Smith,
20
21 in consultation with the Ynceras, and Don Bailey, counsel for objecting creditor Now

22 Impressions, Inc., resolved some of the pending issues by agreeing to an order which provided

23 that one-half the net proceeds would go to Duttenhefner and the other one-half to the Chapter 13

24 bankruptcy trustee for payment to unsecured creditors.  An agreed order to this effect was signed

25 by the bankruptcy court on August 2, 2006.  Cavagnaro represents that he was without

26 knowledge of the above events at the time they occurred, and that Ms. Chapman was not

STIPULATION AND AGREED ORDER OF DISCIPLINE - 12
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

1    authorized by him to engage in these activities.

2    ### C.    STIPULATION TO MISCONDUCT

3    46.    Cavagnaro had a duty to disclose to the bankruptcy court the existence, ongoing

4/5    status, and settlement of the adverse possession action, including the resulting quitclaim of part

6    of the Ynceras' property to plaintiffs in that action, and the existence of the Ynceras' third party

7    claims against Cook.  He further was obligated to obtain the bankruptcy court's approval for the

8    Ynceras' continued participation in that action, representation of them by Foster Pepper, and the

9    terms of the settlement.

10    47.    Cavagnaro should have inquired regarding the existence of title insurance and the

11    representation of the Ynceras by Foster Pepper.  Such inquiry, if truthful answers were received,

12/13    would have led to the discovery that Chicago Title had paid settlement proceeds to Duttenhefner

14    of $230,000.  The evidence now shows that Duttenhefner paid most of the settlement proceeds to

15    the Ynceras very promptly after receipt thereof.  At the time of these payments Cavagnaro

16    represents he was unaware of them.

17    48.    By failing to disclose this information, and obtain necessary bankruptcy court

18    approvals, Cavagnaro violated former RPC 3.3(a)(2), Candor Toward the Tribunal[1]:  "A lawyer

19    shall not knowingly fail to disclose a material fact to a tribunal when disclosure is necessary to

20/21    avoid assisting a criminal or fraudulent act by the client unless such disclosure is prohibited by

22    rule 1.6".

23    49.    Cavagnaro has asserted that because the Ynceras allegedly denied him permission

24    to make disclosure, RPC 1.6 precluded him from disclosing information regarding the adverse

---

26    [1] The RPC were amended in September 2006.  This stipulation cites to the former RPC, which were in effect at the time of this misconduct.

STIPULATION AND AGREED ORDER OF DISCIPLINE - 13
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

possession action, because the Ynceras forbade him to do so. However, if the Ynceras forbade him from fulfilling his duties of candor to the tribunal, RPC 1.15(a)(1) required Cavagnaro to withdraw from representation. Cavagnaro's failure to withdraw violated RPC 1.15(a)(1).

50.    As late as January 23, 2008, the date of his deposition, Cavagnaro continued to deny that he was obligated to withdraw from representation of the Ynceras pursuant to RPC 1.15(a)(1), and insisted that his duties of confidentiality to his clients precluded him from disclosing the adverse possession action in the bankruptcy, even though the adverse possession action was public record. Pursuant to RPC 1.15(a)(1), Cavagnaro should have withdrawn from representation of the Ynceras when they forbade him from disclosing material information in violation of his duties under the RPC and bankruptcy rules.

51.    Cavagnaro had a duty to supervise Chapman under RPC 5.3, Responsibilities Regarding Nonlawyer Assistants. He violated RPC 5.3(a) because he failed to make reasonable efforts to ensure that Chapman's conduct was compatible with Cavagnaro's professional obligations. Cavagnaro left Chapman unsupervised prior to an important, contested hearing and failed to contact his office prior to and following the hearing.

52.    Cavagnaro states that his mobile phone provider incorrectly advised him that he would have service where he was vacation, and that he was unable to contact his office. Further, Cavagnaro states that Chapman acted without his knowledge and permission during his absence from the office, and Cavagnaro disclaims responsibility for Chapman's actions and omissions of which he was unaware.

53.    Cavagnaro violated the Court's CM/ECF Rules by failing to obtain and keep original signatures of the Ynceras on documents filed in the bankruptcy action.

STIPULATION AND AGREED ORDER OF DISCIPLINE - 14
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

### D.    PRIOR DISCIPLINE

54.    Cavagnaro has no prior attorney discipline in any jurisdiction.

### E.    APPLICATION OF ABA STANDARDS

55.    GR 2(e) and (f)(5)(H)(i) direct that when determining a sanction, the Court may apply the American Bar Association *Standards for Imposing Lawyer Sanctions* (the "ABA Standards").

56.    Pursuant to the Standards, Cavagnaro's state of mind was negligent.

57.    Pursuant to the Standards, there was little or no actual or potential injury to his clients.    There was, however, actual or potential injury to the Ynceras' creditors and the bankruptcy court from Cavagnaro's non-disclosures, breach of his duty of candor to the Court, and failure to supervise Chapman.

58.    Under these facts, the applicable ABA Standard for violations of RPC 3.3 is Standard 6.13, which provides:

> 6.13    Reprimand is generally appropriate when a lawyer is negligent either in determining whether statements or documents are false or in taking remedial action when material information is being withheld, and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding.

59.    Under these facts, the applicable ABA Standard for violations of RPC 1.15(a), RPC 5.3, and the local CM/ECF rules is Standard 7.3, which provides:

> 7.3    Reprimand is generally appropriate when a lawyer negligently engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public or the legal system.

60.    The presumptive sanction in this instance is reprimand.

61.    The following aggravating factor applies under ABA Standards Section 9.22:

STIPULATION AND AGREED ORDER OF DISCIPLINE - 15
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

(i)    substantial experience in the practice of law

62.    The following mitigating factors apply under ABA Standards Section 9.32:

(a)    absence of a prior disciplinary record;

***

(e)    full and free disclosure … and cooperative attitude toward
proceedings.[2]

63.    Neither the aggravator nor the mitigators outweigh each other nor provide a basis
for a change in the presumptive sanction.

**F.    STIPULATED DISCIPLINE AND OTHER TERMS**

64.    The parties stipulate that Respondent shall receive a reprimand. GR 2(f)(4)(D).

65.    This reprimand will be a public record and will be disclosed as set forth in GR
2(f)(8).

66.    Between April 1, 2008, and not later than one year after entry of the Agreed Order
of Discipline, Cavagnaro shall attend no less than 15 hours of continuing legal education on
ethics at courses approved for credit by the Washington State Bar Association Continuing Legal
Education Board.  At least three of the hours shall be directly related to ethics in bankruptcy
matters.  Cavagnaro will certify in writing and under oath his satisfaction of all CLE elements of
the discipline to the Clerk of the United States District Court for the Western District of
Washington no later than one year from the date of entry of the Agreed Order of Discipline.  If
after nine months of good faith efforts Cavagnaro is unable to fulfill the portion of this paragraph
requiring completion of three hours of CLE related specifically to Bankruptcy Ethics, he may

---

[2] SDC believe that Section 9.22(g), refusal to acknowledge wrongful conduct, could be asserted as
additional aggravators. See Paragraph 50, supra.

STIPULATION AND AGREED ORDER OF DISCIPLINE - 16
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

1    apply for a modification of this requirement and will provide a written certification setting forth

2    with specificity all of his efforts expended in seeking to fulfill this portion of the Discipline.  He

3    shall also concurrently propose an alternative three hours of ethics-related CLE which SDC may

4    approve if the alternative is deemed appropriate.

5

6        67.    For a period of three years from the entry of the Agreed Order of Discipline,

7    Cavagnaro will not accept any referrals of any matter from attorney Jonathan S. Smith or any

8    lawyer or other person known by Cavagnaro to be affiliated with Smith.  For a period of three

9    years from the entry of the Agreed Order of Discipline, Cavagnaro will not refer any real estate

10   or bankruptcy matter or any other matter to attorney Jonathan S. Smith or any lawyer or other

11   person known by Cavagnaro to be affiliated with Smith.

12

                                    **G.    RESTITUTION**

13

14       68.    Restitution, if any, will be determined by the bankruptcy court and none is assessed

15   by this Stipulation and Agreed Order of Discipline.

16                                **H.    COSTS AND EXPENSES**

17       69.    Respondent Cavagnaro shall pay attorney fees and administrative costs of

18   $25,000.00.  Cavagnaro shall make an initial payment of $5000.00 within 30 days of entry of the

19   Agreed Order of Discipline.  The remaining $20,000.00 will accrue interest at the rate of 12

20   percent per year on the unpaid principle balance, and will be paid in monthly installments of

21   $750 each month for 17 months, starting 60 days after entry of the Agreed Order of Discipline.

22

23   Payments shall be applied first to interest, then to principle.  On the first day of the 20th month

24   after entry of the Agreed Order of Discipline, Cavagnaro shall pay the remaining principle

25   balance, together with any accrued interest in full in cash.  All such payments shall be made

26   payable to the Clerk of the United States District Court for the Western District of Washington

STIPULATION AND AGREED ORDER OF DISCIPLINE - 17
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

1   and shall be timely delivered to the Clerk. The payments will be deposited in the attorney

2   admission fund.

3   ## I.    VOLUNTARY AGREEMENT

4

5   70.   Respondent states that prior to entering into this Stipulation and Agreed Order of

6   Discipline he has consulted independent legal counsel regarding this Stipulation and Agreed

7   Order of Discipline, that Respondent is entering into this Stipulation and Agreed Order of

8   Discipline voluntarily, and that no promises or threats have been made by the SDC, nor by any

9   representative thereof, to induce the Respondent to enter into this Stipulation and Agreed Order

10  of Discipline except as provided herein.

11  ## J.    LIMITATIONS

12

13  71.   This Stipulation is a compromise agreement intended to resolve this matter in

14  accordance with the purposes of lawyer discipline while avoiding further proceedings and the

15  expenditure of additional resources by the Respondent and the Court. Both the Respondent

16  lawyer and the SDC acknowledge that the result after further proceedings in this matter might

17  differ from the result agreed to herein.

18  72.   This Stipulation is not binding upon the Court, the SDC, or Respondent Cavagnaro

19  as a statement of all existing facts relating to the professional conduct of the Respondent lawyer,

20  and any additional existing facts may be proven in any subsequent disciplinary proceedings.

21

22  73.   This Stipulation results from the consideration of various factors by both parties,

23  including the benefits to both by promptly resolving this matter without the time and expense of

24  hearings or appeals. As such, acceptance of this Stipulation will not constitute precedent in

25  determining the appropriate sanction to be imposed in other cases; but, if approved, this

26  Stipulation will be admissible in subsequent proceedings against Respondent to the same extent

STIPULATION AND AGREED ORDER OF DISCIPLINE - 18
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

1  as any other approved Stipulation.

2      74.   If this Stipulation is accepted by the court, it will be followed by the disciplinary

3  action agreed to in this Stipulation and Respondent will comply with all terms and conditions

4  agreed upon.

5      75.   Pursuant to GR 2(f)(8)(B), the Clerk of the United States District Court for the

6  Western District of Washington will provide notice to the entities listed therein that Respondent

7  

8  Cavagnaro has been reprimanded by the Court.

9      76.   If this Stipulation is not accepted by the court, it will have no force or effect, and

10  neither it nor the fact of its execution will be admissible as evidence in the pending disciplinary

11  proceeding, in any subsequent disciplinary proceeding, or in any civil or criminal action.

12      77.   If Respondent violates the terms of this Stipulation and Agreed Order of Discipline,

13  once entered by the Court, SDC reserves the right to petition the Court, with appropriate notice

14  to Respondent, to seek relief that this Stipulation and Agreed Order of Discipline is null and void

15  and that SDC may resume prosecution of Respondent.

16  

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

STIPULATION AND AGREED ORDER OF DISCIPLINE - 19
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

1        WHEREFORE the undersigned being fully advised, adopt and agree to the facts and

2   terms of this Stipulation to Discipline as set forth above, and respectfully request that the Court

3   enter the subjoined Agreed Order of Discipline below.

4        DATED this _____ day of _____, 2008.

5

6                           SMITH & HENNESSEY PLLC

7

8                           James A. Smith, Jr., WSBA #5444

9                           Ann Marie Bender, WSBA #32563

10                          Special Disciplinary Counsel for the United
                        States District Court for the Western District

11                          of Washington

12                          BUSH STROUT & KORNFELD

13

14

15                          Gayle E. Bush, WSBA #7318

16                          Special Disciplinary Counsel for the United
                        States District Court for the Western District

17                          of Washington

18

19                          Leland G. Ripley, WSBA #6266

20                          Attorney for Respondent lawyer, Gregory P.
                        Cavagnaro

21

22                          Agreed:

23

24                          Gregory P. Cavagnaro

25  /// /
26  /// /
    /// /

STIPULATION AND AGREED ORDER OF DISCIPLINE - 20
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

SMITH & HENNESSEY PLLC

James A. Smith, Jr., WSBA #5444
Ann Marie Bender, WSBA #32563
Special Disciplinary Counsel for the United
States District Court for the Western District
of Washington

BUSH STROUT & KORNFELD

Gayle E. Bush, WSBA #7318
Special Disciplinary Counsel for the United
States District Court for the Western District
of Washington

Leland G. Ripley, WSBA #6266
Attorney for Respondent lawyer, Gregory P.
Cavagnaro

Agreed:

Gregory P. Cavagnaro

## II.    AGREED ORDER OF DISCIPLINE

STIPULATION AND AGREED ORDER OF DISCIPLINE - 20
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

1    The Court, being fully advised in the premises, HEREBY ORDERS, ADJUDGES AND

2    DECREES that the Court adopts the findings, conclusions, discipline and other conditions set

3    forth in the Stipulation of the parties, and Respondent Attorney Gregory P. Cavagnaro is

4    REPRIMANDED by this Court.

5        Entered this ____ day of April 2008.

6

7

8                                    _____
                                     HONORABLE ROBERT J. TIMLIN
9                                    United States District Court Judge

10   Presented by:

11   SMITH & HENNESSEY PLLC

12

13

14   James A. Smith, Jr. WSBA # 5444
     Ann Marie Bender, WSBA 32563
15

16   Approved as to Form; Notice of Presentation Waived:

17   BUSH STROUT & KORNFELD

18   By _____
        Gayle E. Bush
19   Special Disciplinary Counsel for the United
20   States District Court for the Western District
     of Washington
21

22

23   Leland G. Ripley
     Attorney for Respondent lawyer,
24   Gregory P. Cavagnaro

25

26

STIPULATION AND AGREED ORDER OF DISCIPLINE - 21
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770

... 

## II.  AGREED ORDER OF DISCIPLINE

The Court, being fully advised in the premises, HEREBY ORDERS, ADJUDGES AND

DECREES that the Court adopts the findings, conclusions, discipline and other conditions set

forth in the Stipulation of the parties, and Respondent Attorney Gregory P. Cavagnaro is

REPRIMANDED by this Court.

Entered this _5_ day of ~~April~~ MAY 2008.

_(signature)_

HONORABLE ROBERT J. TIMLIN
United States District Court Judge

Presented by:

SMITH & HENNESSEY PLLC

_(signature)_

James A. Smith, Jr. WSBA # 5444
Ann Marie Bender, WSBA #32563

Approved as to Form; Notice of Presentation Waived:

BUSH STROUT & KORNFELD

By _(signature)_
   Gayle E. Bush WSBA #5318
Special Disciplinary Counsel for the United
States District Court for the Western District
of Washington

_____
Leland G. Ripley WSBA #6266
Attorney for Respondent lawyer,
Gregory P. Cavagnaro

STIPULATION AND AGREED ORDER OF DISCIPLINE - 21
2:07-MC-00027-RJT

Smith & Hennessey
PLLC
Attorneys at Law
316 Occidental Avenue South, Suite 500
Seattle, Washington 98104
(206) 292-1770